892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arlene B. SINGER; Joel D. Joseph, Plaintiffs-Appellants,
v.
SHANNON & LUCHS COMPANY; American Security Bank, N.A.,
Defendants-Appellees.
 No. 89-3252.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 27, 1989.
Decided: Dec. 27, 1989.
 
 Joel D. Joseph, on brief, for appellants.
 James P. Mercurio; Jonathan M. Miller; Arent, Fox, Kintner, Plotkin & Kahn, on brief, for appellees.
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sometimes old saws merit attention, and so it appears to be in the present case. In the words of William Shakespeare: "Neither a borrower nor a lender be; for loan oft loses both itself and friend, and borrowing dulls the edge of husbandry." The quotation is perhaps applicable here.
 
 
 2
 On April 10, 1981, Arlene B. Singer and Joel D. Joseph borrowed $90,000 from the National Savings and Trust Company, executing therefor a promissory note. The loan was guaranteed by Shannon & Luchs Company, incorporated in Delaware, with its principal place of business in the District of Columbia. The promissory note was secured by a deed of trust on property owned by Singer and Joseph in the District of Columbia.
 
 
 3
 Singer and Joseph, not having paid the note in accordance with its terms and anticipating action by Shannon & Luchs, who had complied with its guarantee of the note, sued Shannon & Luchs in January 1982 in the United States District Court for the District of Columbia. Singer and Joseph relied in part on diversity to establish jurisdiction, they being citizens of Maryland, and sought an injunction against collection by Shannon & Luchs for reimbursement of the loan. The suit also contained other claims, especially a federal antitrust claim. It later developed that in 1981, before the institution of the action by Singer and Joseph, substituted trustees, who were citizens of Maryland, had been brought into the picture (though never joined as parties). They were, of course, not diverse, so far as Singer and Joseph were concerned.
 
 
 4
 The litigation continued on for a substantial period of time with no contest by any party on the grounds of non-diversity of jurisdiction. The case was not free from complexity,[1] but after substantial activity it was settled by court order of February 22, 1984, with respect to all claims, especially the antitrust claim, except Shannon & Luchs' counterclaim for payment of attorneys' fees and expenses as provided for in the deed of trust.
 
 
 5
 Thereafter, on February 10, 1987, Shannon & Luchs, having secured a judgment (affirmed by the United States Court of Appeals for the District of Columbia Circuit, with a petition for rehearing en banc and a petition to the United States Supreme Court for certiorari both denied) for attorneys' fees and expenses totalling $69,981.14, with interest, sought to effect collection through registration of the judgment in the United States District Court for the District of Maryland.[2] Shannon and Luchs, having recorded the judgment in the Circuit Court for Montgomery County, Maryland, secured a writ of execution by levy against residential property occupied by Singer and Joseph. Singer and Joseph, at the late date of December 6, 1988, applied to the Circuit Court for Montgomery County for an order vacating, setting aside, or modifying the judgment. For the first time over six years after they had chosen the District of Columbia as the place to bring suit, and over four years since only the attorneys' fee question remained not finally disposed of, Singer and Joseph asserted lack of federal subject-matter jurisdiction.
 
 
 6
 The contention is based on lack of diversity between Singer and Joseph, on the one hand, and the substituted Maryland residents as trustees, on the other. If the contention has merit, the lack of jurisdiction would compel us to dismiss, however outrageous it appears for the plaintiffs to attack jurisdiction in a case initiated and extensively prosecuted by them for years. However, the claim is pressed on the basis that the substituted, non-diverse trustees, who never were joined as parties to the litigation, are, nevertheless, the real parties in interest under Federal Rule of Civil Procedure 17. The contention is that not the promissory note, but only the deed of trust called for the payment of attorneys' fees. Since, however, the provision for an award of attorneys' fees appearing in the deed of trust inured to the benefit of Shannon & Luchs as the holder of the promissory note, that amounts to sound and fury signifying nothing.[3] The belated attempt of Singer and Joseph was a classic case of too little and too late.[4]
 
 
 7
 The United States District Court for the District of Maryland, having concluded that registration, though premature, nevertheless could be remedied by re-registration so that re-registration would be permitted, ruled that Shannon & Luchs should be permitted to refile a registration of judgment. The court further opined that, once the judgment should be re-registered, Shannon & Luchs would be permitted to execute thereon, including proceeding with a sheriff's sale of the property in question.
 
 
 8
 The court has examined the appendix and supplemental appendix, together with the briefs of the parties, and has concluded that oral argument would not be beneficial. It, therefore, proceeds to consider and decide the case without oral argument. The judgment is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Both Judge John H. Pratt of the District of Columbia District Court and Chief Judge Alexander Harvey II of the Maryland District Court have described the history of the case as "long and tortured."
 
 
 [2]
 The deed of trust was the basis of the award, and not vexatiousness and bad faith, "however," in the words of the District of Columbia district judge, "justified such an award might be."
 
 
 [3]
 There is the further consideration that in large part the case involved defense of the federal antitrust claim for which establishment of diversity was not requisite. The claim for attorneys' fees might be regarded as pendent thereto
 
 
 [4]
 Singer and Joseph may actually have been fortunate that their contention was found unmerited. Had it led to dismissal on lack of jurisdiction grounds after the long passage of time and substantial wasteful judicial and advocate attention, Singer and Joseph might expectably have received tongue lashings from one or more of the courts so cavalierly treated. See, e.g., Basso v. Utah Power and Light Co., 495 F.2d 906, 910 (10th Cir.1974)